IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER RAY TIA, #A1013142, | CIVIL NO. 12-00158 HG/BMK |
| Plaintiff, | ORDER DENYING IFP APPLICATION AND DISMISSING ACTION |
| vs. | |
| DOVIE BORGES, et al., | |
| Defendants. | |

## ORDER DENYING IFP APPLICATION AND DISMISSING ACTION

Before the court is *pro se* Plaintiff Peter Ray Tia's prisoner civil rights Complaint and *in forma pauperis* ("IFP") application. ECF #1, #3. Plaintiff alleges state agencies, employees, and private individuals have engaged in a conspiracy to violate his constitutional rights since 2008. *See generally*, ECF #1, Compl.

For the following reasons, Plaintiff's IFP application is DENIED and this action is DISMISSED without prejudice to Plaintiff's filing a new action accompanied by the statutory filing fee.

### I. DISCUSSION

On March 29, 2012, the court ordered Plaintiff to show cause why he should be allowed to proceed IFP in this action in light of his numerous prior dismissals and apparent 3-strike bar under 28 U.S.C. § 1915(g). ECF #4 ("OSC").

On April 20, 2012, Plaintiff responded to the OSC. ECF #15 (Motion to Order IFP and Respond to 3-29-12 Order to Show Cause).

**A.  28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

Determining whether a prisoner's actions count as strikes under section 1915(g) requires the court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if the action was "dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. *Andrews* therefore allows the court to raise *sua sponte* the § 1915(g) problem, and the prisoner bears the ultimate burden

of persuading the court that § 1915(g) does not bar pauper status for him.  *Id.*

**B.    Plaintiff's Prior Dismissals**

The federal courts' electronic case database, available at: http://pacer.psc.uscourts.gov ("PACER"), reveals that Plaintiff has filed numerous federal civil actions that were dismissed as frivolous or as failing to state a claim.[1]  Several of these actions explicitly informed Plaintiff that they constituted a strike or that he had already accrued three strikes.  *See Andrews*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case).  The court also notified Plaintiff of these strikes in the OSC.  *See* ECF #4.  Because Plaintiff has three strikes, he may not bring a civil action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

---

[1] *See e.g., Tia v. Fujita*, No. 1:08-cv-00575 HG (failure to state a claim); *Tia v. Criminal Investigation Demanded*, No. 1:10-cv-00383 SOM (frivolous and failure to state a claim); *Tia v. Criminal Investigation*, No. 1:10-cv-00441 DAE (frivolous and failure to state a claim); *Tia v. Baker*, No. 11-cv-00098 HG (dismissed under § 1915(g), after notifying Plaintiff of the cases the court considered strikes and no finding of imminent danger); *Tia v. Doe Defendants as Aggrieved*, No. 1:11-cv-00352 SOM (dismissed after notifying Plaintiff of the cases the court considered strikes and no finding of imminent danger); *Tia v. Mollway*, No. 1:11-cv-00421 JMS (dismissed after finding no allegation of imminent danger and that Plaintiff was on notice of prior cases considered as strikes).

**C.   Plaintiff Fails to Demonstrate Imminent Danger of Serious Physical Injury**

Plaintiff's complaint alleges a conspiracy to deprive him of his constitutional rights, including alleged obstruction of justice, theft, grievance misconduct, denial of parole, access to the courts, and due process. *See generally*, ECF #1, Compl. Plaintiff does not, however, present facts that support a finding of imminent danger of serious physical injury regarding these claims as of the date he filed his complaint.

Plaintiff attempts to bolster his allegation that he is in serious danger of physical injury for the purposes of proceeding IFP in the present action by referring to his pending claims in *Tia v. Paderes*, 1:11-cv-00459 LEK. *See* ECF #1, Compl. at 31-37, Counts 14-17; ECF #15, Response to OSC at ¶¶ 2, 3, 5. In that case, however, because Plaintiff alleged the denial of adequate nutrition resulting in significant weight loss, his claims were deemed sufficient to invoke § 1915(g)'s imminent danger of serious physical injury exception. As this Court explained to Plaintiff in the OSC, he may not reallege these claims in the present case to circumvent § 1915(g)'s bar.

Plaintiff's conspiracy claims in the instant case are wholly unrelated to his denial of adequate nutrition claims in 1:11-cv-00459. Plaintiff attempts to tie these cases together by alleging that there is a grand, ongoing conspiracy against him perpetrated by prison officials and private individuals.

Plaintiff has been alleging variations on this conspiracy theory since at least 2008.[2] Plaintiff's claims in this action are too attenuated to be considered part of his claims in 1:11-cv-00459. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining why unrelated claims against different defendants belong in different suits); *Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action."); *see also* Fed. R. Civ. P. 18(a).

Plaintiff also suggests that an "orbital eye fracture" he suffered during an altercation at OCCC in 2007, is sufficient to show imminent danger of serious physical injury now. *See* ECF #1, Compl. at 27-28, 39; Counts 12, 19; ECF #15, Response to OSC at 3 ¶ 1. Plaintiff is mistaken.

Plaintiff must demonstrate that he was "under imminent danger of serious physical injury" at the time he filed the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007) (explaining that the exception to the three-strikes rule applies only "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical

---

[2] *See e.g.*, 1:08-cv-00575 (alleging that HCF prison officials engaged in a conspiracy to steal Plaintiff's social security checks); 1:10-cv-00383 (alleging a conspiracy against him by prison officials commencing in 1996 and seeking a criminal investigation of his allegations); 1:10-cv-00441 (same); 11-cv-00098 (same).

5

injury' at the time of filing"). Plaintiff admits that the eye injury occurred in 2007, and that he is no longer incarcerated at OCCC. Plaintiff does not allege that his 2007 eye injury has been untreated. Rather, Plaintiff raises the 2007 eye injury to support his claim that he was recently improperly denied parole because the 2007 altercation apparently remains in his prison record. This is insufficient to demonstrate that Plaintiff is in imminent danger of serious physical injury.

Plaintiff alleges no facts in the Complaint or in his Response to the OSC that indicate there is a current threat to his safety at HCF, other than his inadequate nutrition claims currently pending in his other case and vague allegations of an eye injury suffered at a different prison five years ago. Because Plaintiff fails to articulate specific facts demonstrating that any named defendant is subjecting him to imminent danger from a particular harm he fails to meet the exception necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

## II. CONCLUSION

For the reasons set forth above, the Court:

(1) DENIES Plaintiff's *in forma pauperis* application;

(2) DISMISSES this action *sua sponte* without prejudice for Plaintiff's failure to prepay the $350 filing fee pursuant to 28 U.S.C. § 1914(a);

(3) **NOTIFIES** Plaintiff that he is barred from proceeding *in forma pauperis* in future federal civil actions or appeals while he is incarcerated pursuant to 28 U.S.C. § 1915(g), without a showing of imminent danger of serious physical injury; and

(4) **CERTIFIES** that an appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

(5) And **DIRECTS** the Clerk to close the file.

IT IS SO ORDERED.

DATED: April 27, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor
Helen Gillmor
United States District Judge

*Tia v. Borges, et al.*, Civ. No. 12-00158 HG/BMK; ORDER DENYING IFP APPLICATION AND DISMISSING ACTION; psas/3 Strikes Ords/DMP/2012/Tia 12-158 hg bmk (dny IFP fail show cause 3 stks)